UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KATHRYN BENSE, Individually, and on )
behalf of the Statutory Wrongful Death )
Class, )
 )
            Plaintiff, )
 )
        v. )                    Case No. 4:13CV01232 AGF
 )
FEDERAL INSURANCE COMPANY, )
 )
            Defendant. )

## MEMORANDUM AND ORDER

This diversity insurance case is before the Court on Plaintiff's motion for judgment

on the pleadings with respect to the allegation in the complaint that Decedent David Bense,

Sr., was an insured at the time of his death, under the underinsured motorist provision of an

insurance policy issued by Defendant Federal Insurance Company.  Plaintiff, on behalf of

herself and her son, brought this action for the $1 million underinsured motorist benefit of

the policy and for bad faith refusal to pay.  For the reasons set forth below, the motion for

partial judgment on the pleadings shall be denied.

## BACKGROUND

The complaint, filed in state court on May 20, 2013, and removed to this Court on

June 28, 2013, alleges that Decedent, while in the course and scope of his employment as a

tow truck driver with the Automobile Club of Missouri ("AAA"), was operating a tow truck

owned by the AAA when he responded to a call to assist a stranded motorist on the shoulder

of a highway.  Another driver, Aaron Bogue, struck Decedent while Decedent was placing

road flares near the stranded motorist's car, resulting in Decedent's death.   Plaintiff settled

with Bogue's insurer for his insurance's policy limit of $25,000, and sought the $1million

policy limit under the underinsured motorist provision of the Federal policy issued to AAA.

Under the Federal policy, an insured is an individual "occupying a covered vehicle."

The policy defined "occupying" as "in, upon, getting in, on, out or off."  Federal denied

coverage on the ground that at the time of the accident, Decedent was not "occupying" a

covered auto, as required by the policy, but was "outside his vehicle helping a motorist."  In

the present lawsuit, Plaintiff seeks $1million under the underinsured motorist provision of

the Federal policy (Count I), and punitive damages for Federal's bad faith refusal to pay

(Count II).

Federal filed its answer on May 5, 2013, and on June 28, 2013, Plaintiff filed the

motion now under consideration asking the Court to conclude as a matter of law that

Decedent was an insured under the policy.  Federal argues that Missouri cases addressing the

question of whether a person in Decedent's position was "occupying" the insured's auto

"lack consistency," and that each case must be decided on its facts.  Thus, according to

Federal, it is premature for the Court to conclude that no issue of material fact remains to be

resolved on the question of coverage, before Federal has had the opportunity to discover

precisely where Decedent was when he was struck, and just what he was doing at the time of

the accident.

## DISCUSSION

In deciding a motion for judgment on the pleadings, the Court accepts
all facts pled by the nonmoving party as true and draws all reasonable
inferences from the facts in favor of the nonmovant.  This is a strict standard,

as judgment on the pleadings is not properly granted unless the moving party
has clearly established that no material issue of fact remains to be resolved and
the party is entitled to judgment as a matter of law.

*Nielsen v. Union Sec. Ins. Co.*, No. 4:12–CV–1698–JAR, 2013 WL 3849970, at *1 (E.D.

Mo. July 24, 2013) (citations omitted).  Defendant asserts in its response that it must be

afforded the opportunity to conduct discovery, to determine the facts regarding the

decedent's location at the time of the accident.  This is consistent with the language of Rule

12(d), which states that "[a]ll parties must be given a reasonable opportunity to present all

material that is pertinent to the motion."  Rule 12(d), Fed. R. Civ. P.  It may well be that

Plaintiff's allegation will be borne out by discovery, entitling her to coverage and even to

extra damages for Federal's  refusal to pay.  However, at this stage of the proceedings, the

Court must agree with Federal, that judgment in her favor on the issue of coverage is

premature.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for judgment on the pleading

with respect to coverage is **DENIED**.  (Doc. No. 10.)


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2013.