UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHRYN BENSE, Individually, and on behalf of the Statutory Wrongful Death Class,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 4:13CV01232 AGF |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Kathryn Bense's motion for remand based on a lack of diversity of citizenship. Defendant Federal Insurance Company ("Federal") opposed the motion. Plaintiff did not file a reply memorandum and the time to do so has passed. For the reasons set forth below, the motion to remand shall be denied.

## BACKGROUND

The complaint, filed in state court on May 20, 2013, and removed to this Court on June 28, 2013, alleges that Decedent David Bense, Sr., while in the course and scope of his employment as a tow truck driver with the Automobile Club of Missouri ("AAA"), was operating a tow truck owned by the AAA when he responded to a call to assist a stranded motorist on the shoulder of a highway. Another driver, Aaron Bogue, struck

Decedent while Decedent was placing road flares near the stranded motorist's car, resulting in Decedent's death.  Plaintiff settled with Bogue's insurer for his insurance's policy limit of $25,000 and sought the $1 million policy limit under the underinsured motorist provision of the Federal policy issued to AAA, as well as punitive damages for Federal's bad faith refusal to pay under the underinsured motorist provision.  Under the Federal policy, an "insured" is an individual "occupying a covered vehicle."  The policy defined "occupying" as "in, upon, getting in, on, out or off."  Federal denied coverage on the ground that at the time of the accident, Decedent was not "occupying" a covered auto, as required by the policy, but was "outside his vehicle helping a motorist."

Federal removed this case to federal court under 28 U.S.C. § 1441 based on diversity jurisdiction under § 1332.  It asserted that Plaintiff was a citizen and resident of the State of Missouri.  Federal also asserted that it is an insurance company incorporated under the laws of the State of Indiana and has its principal place of business in the State of New Jersey.  On July 30, 2013, the Court denied Plaintiff's motion for judgment on the pleadings with respect to the allegation that Decedent was an insured at the time of his death under the underinsured motorist provision of the insurance policy.

In the motion now before the Court, filed on September 3, 2013, Plaintiff moves to remand based on a lack of subject matter jurisdiction, arguing that diversity of citizenship does not exist because Federal is a Missouri citizen for purposes of this suit under § 1332(c)(1)(A).  Federal opposes Plaintiff's motion, arguing that Plaintiff's claim is not a "direct action," so § 1332(c)(1)(A) is inapplicable, and therefore Federal is not a citizen of Missouri.

## **DISCUSSION**

Federal removed this case to federal court, so it bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co.*, 640 F.3d 821, 825-26 (8th Cir. 2011); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).  A court should resolve all doubts about diversity jurisdiction in favor of remand.  *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011).

Section 1332(c)(1) states:

> [I]n any direct action against the insurer of a policy or contract of liability insurance . . .  to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of -- (A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State and foreign state where the insurer has its principal place of business . . . .

Plaintiff argues that Federal is a citizen of Missouri by virtue of this provision because this case is a direct action and the named insured, AAA, is a citizen of Missouri.  Federal argues that this case is not a "direct action," and therefore diversity exists.

"A 'direct action' under § 1332(c)(1) refers to actions authorized by statutes in some states in which an injured party can sue a tortfeasor's insurer without joining the tortfeasor." *Apperson v. Auto Owners Ins. Co.*, 2013 WL 3946086, at *2 (E.D. Mo. July 31, 2013) (citing *Home Indemn. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974)). "'Courts have uniformly defined the term "direct action" as used in [§ 1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the

- 3 -

insured or first obtaining a judgment against him.'"  *Hughes v. Auto-Owners Ins. Co.*, 2011 WL 2601519, at *2 (E.D. Mo. June 30, 2011) (quoting *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982)).

Because Plaintiff is suing Decedent's own insurer and not the insurer of a third-party, Plaintiff's claim is not a "direct action."  S*ee, e.g.*, *Apperson*, 2013 WL 3946086, at *2 (holding that the case was not a "direct action" because plaintiff was suing his own insurer, not the insurer of a third-party tortfeasor); *Mazurkiewicz v. Country Mut. Ins. Co.*, 2012 WL 10833, at *1 (E.D. Mo. Jan. 03, 2012) (same); *Brown-Woods v. Safeco Ins. Co. of Ill.*, 2010 WL 2671494, at *2 (E.D. Mo. June 30, 2010) (same).  Thus, Federal cannot be found to be a citizen of Missouri under § 1332(c)(1) dealing with "direct actions" against insurance companies.  Therefore, Plaintiff's motion to remand is without merit and must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**. (Doc. No. 25.)

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2013.